**BROADWAY IMPROVEMENT CO. v. HOL-MAN, County Judge, et al.   (No. 9084.)***

Court of Civil Appeals of Texas. Galveston.
June 16, 1927.

Rehearing Denied June 16, 1927.

1. **Levees and flood control ⬥25—Commissioners' court of Galveston county cannot, without vote of taxpayers, levy special tax exceeding 25 cents on $100 valuation to pay warrants for construction of sea wall (Rev. St. 1925, art. 6830; Const. art. 8, § 9, and art. 11, §§ 4, 5, 7).**

The commissioners' court of Galveston county is without authority, under Rev. St. 1925, art. 6830, to levy a special tax exceeding 25 cents and not exceeding 50 cents on $100 property valuation to provide for the payment of warrants, payable within five years, issued by the county for construction of an extension of the Galveston sea wall, without a vote of two-thirds of the taxpayers of the county, as provided in Const. art. 11, § 7, in view of policy manifested by Const. art. 8, § 9, and article 11, §§ 4, 5.

2. **Constitutional law ⬥48—Statute must, if possible, be so construed as to be constitutional.**

When a legislative act is susceptible of a construction in conformity with the Constitution, it must be so construed and the Legislature relieved of the imputation of ignorance or disregard of constitutional provisions.

3. **Levees and flood control ⬥22—Purpose of statute relating to taxation for construction of sea wall was to limit taxation and provide for financing (Rev. St. 1925, art. 6830).**

Purpose of Rev. St. 1925, art. 6830, was to limit amount of special taxes that might be levied for the construction of sea walls and to provide that such a tax might be levied and warrants issued in lieu of bonds when tax would pay warrants within 5 years.

Appeal from District Court, Galveston County; C. G. Dibrell, Judge.

Suit for injunction by the Broadway Improvement Company against E. B. Holman, County Judge, and others. From a judgment dismissing the suit after an exception was sustained, tthe plaintiff appeals. Reversed and rendered.

Maco Stewart, of Galveston, for appellant.
D. B. MacInerney, W. E. Price, and R. A. Pierson, all of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant to restrain appellees, the county of Galveston and the commissioners' court of the county, from the collection of a tax levied by the commissioners' court to provide funds for the construction of an extension of the sea wall protecting the city of Galveston from the waters of the Gulf of Mexico, and to enjoin a further levy of such tax. The petition, after describing the prop-

erty of plaintiff upon which the tax was sought to be enforced, contains the following allegations:

"(2) Defendants did levy against said property a tax for the year 1926, for the construction of a sea wall, the rate of such tax being 25 cents, and said levy not exceeding 50 cents on the $100 of taxable values of Galveston county. That plaintiff owned during the calendar year 1926 and still owns other real property in the city and county of Galveston, Tex., and against all of which defendants have undertaken for the year 1926 to levy a tax for the construction of a sea wall at the rate aforesaid, the total amount of such tax so levied and payable being $1,000. That defendants threaten and are about to make a similar levy for the same alleged purpose for the calendar year of 1927, against the said real property owned by plaintiff.

"(3) Said tax was levied for the purpose of building and constructing a sea wall and strengthening same by placing necessary earth filling behind same.

"(4) That in the construction thereof, defendants have unlawfully created debts for such work, by entering into contract therefor without funds on hand to pay for same, and without having a vote of the taxpayers for the levy of a tax therefor. The cost thereof can and will be met by such levy within less than 4 years.

"(5) That the levy of the tax aforesaid was never authorized by a vote of two-thirds of the taxpayers, or by any other vote of the taxpayers, in consequence whereof said levy so made and threatened to be made is void.

"(6) Defendants threaten and are about to have seized and sold the property of plaintiff because of its refusal to pay the aforesaid unlawful levy of tax.

"(7) Unless restrained by writ of injunction, said defendants will have said real property sold because of plaintiff's refusal to pay tax undertaken to be created by said unlawful levy and will impose said additional unlawful levy as hereinbefore set forth, and thereby create a cloud on title of plaintiff to said real property, and plaintiff has no and can have no adequate remedy at law for its protection, and plaintiff will suffer irreparable damage and injury."

The only answer made by appellees was the following exception to the petition:

"Now come defendants and specially except to plaintiff's petition and say that, even though it appears therefrom that the levy complained of had been made without being authorized upon a vote of two-thirds of the taxpayers, yet it appears from said petition that said levy was made for the purpose of raising moneys and obtaining funds for the construction of the sea wall, and that no vote of taxpayers was necessary to authorize such levy.

"Wherefore defendants pray that plaintiff's bill be dismissed, and that the injunction sought be denied, and for general relief."

This exception was sustained by the trial court, and, plaintiff declining to amend its petition, the suit was dismissed.

[1] The only question presented by this ap-

peal is the authority of the commissioners' court of Galveston county to levy a special tax not exceeding 50 cents on the $100 property valuation to provide for the payment of warrants, payable within five years, issued by the county for the construction of an extension of the Galveston sea wall, without a vote of two-thirds of the taxpayers of the county, as provided in article 11, § 7, of the state Constitution.

Appellees claim the right to levy this tax without a vote of the taxpayers, under article 6830 of the Revised Statutes 1925, which provides:

"The county commissioners' court of all counties, and the municipal authorities of all cities, bordering on the coast of the Gulf of Mexico, shall have the power and are authorized from time to time to establish, locate, erect, construct, extend, protect, strengthen, maintain, and keep in repair and otherwise improve any sea wall or breakwater, levees, dikes, floodways and drainways, and to improve, maintain and beautify any boulevard erected in connection with such sea wall or breakwater, levees, dikes, floodways and drainways, and to incur indebtedness therefor, the payment of which may be provided for either with or without the issuance of bonds. And said commissioners' courts and municipal authorities shall also have power and are hereby authorized to levy taxes not to exceed in any one year fifty cents on the one hundred dollars of taxable values of said county or city for the payment of said indebtedness, provided that when the taxes are levied as herein provided for, will not pay off said indebtedness within five years, then the payment of said indebtedness shall be provided for by the issuance of bonds as hereinafter provided."

This statute should not be construed as authorizing the commissioners' court of counties bordering on the coast of the Gulf of Mexico to levy the taxes mentioned in the article without a vote of the taxpayers of the county. To so construe the article is to bring it in direct conflict with the plain, express provisions of article 11, § 7, of our state Constitution, which authorizes the levy by counties bordering on the coast of the Gulf of Mexico of a special tax for the construction of sea walls "upon a vote of two-thirds of the taxpayers" of the county.

[2, 3] When a legislative act is susceptible of a construction in conformity with the Constitution, it must be so construed and the Legislature relieved of the imputation of ignorance or a disregard of constitutional provisions. Under this rule, a reasonable construction of this statute is that the Legislature only intended by its enactment to limit the amount of special taxes that might be levied for the construction of sea walls, and to provide that such tax might be levied and warrants issued in lieu of bonds in financing such construction when the tax levied would pay the warrants within five years. The act does not expressly authorize a levy of the tax without a vote of the taxpayers, and it should not be so construed, because, in our opinion, to give it such construction would render it obnoxious to the plain provisions of the Constitution of the state.

Our Constitution wisely protects the public from excessive or unnecessary taxation by the state, counties, and municipalities in its provisions limiting the amount of such taxes, the purposes for which they may be levied, and the method by which such levy may be authorized.

Article 8, § 9, of the Constitution, provides:

That the state tax on property shall never exceed 35 cents on the $100 valuation, except for the payment of the public debt (which has long since been discharged) and the taxes provided for the benefit of public free schools; "and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county, voting at an election to be held for that purpose, shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county."

Section 4 of article 11 of the Constitution limits the amount of taxes that may be levied by cities and towns of 5,000 or less population for general governmental purposes to one-fourth of 1 per cent. of the taxable value of the property subject to such taxation.

Section 5 of article 11 permits the Legislature to grant special charters or amend the charter of cities of more than 5,000 inhabitants, and authorizes such cities to collect such taxes as may be authorized by law, not to exceed 2½ per cent. of the taxable property of such city.

The only taxes authorized to be levied by a county or city under these provisions of the Constitution, without a vote of the taxpayers, are the 25 cents for general county purposes, the 15 cents for roads and bridges and for jurors, respectively, the 25 cents for the erection of public buildings, streets, sewers, waterworks, and other permanent improvements, and taxes not to exceed 2½ per cent. of the taxable property of cities having more than 5,000 inhabitants.

A sea wall might be properly regarded as a permanent improvement in the purview of the constitutional provision before quoted, and if the county of Galveston, out of the 25

cents authorized by this provision of the Constitution, could make a sufficient levy to pay warrants issued for the extension of the sea wall within five years, such warrants might be legally issued and such tax legally levied and collected.

The levy complained of by appellant was not made under this provision of the Constitution, but was the levy of an additional 25 cents, which is only authorized under section 7, article 11, of the Constitution, by a two-thirds vote of the taxpayers of the county.

The extension of the sea wall is a very desirable public improvement, but, however desirable or necessary such improvement may be, no special taxes can be levied for its construction unless such taxes are authorized by a vote of the taxpayers as provided in the provision of the Constitution before cited.

The case of Moller v. City of Galveston, 23 Tex. Civ. App. 693, 57 S. W. 1116, does not, in our opinion, support appellees' contention that the tax complained of by appellant was legally levied. In that case the Legislature, by amendment to the city charter, had authorized the city to issue bonds to the amount of $300,000, for the construction and establishment of a sewerage system. Acting under this charter amendment, the city, without submitting the question to a vote of the taxpayers, passed an ordinance providing for the issuance of the bonds and levying a tax of 10 cents on the $100 valuation of the taxable property within the city to pay the interest and provide a sinking fund for the redemption of the bonds. After the bonds were executed and approved by the Attorney General, but before they were sold and delivered to purchasers, an act of the Legislature requiring city councils and county commissioners to submit all propositions for the issuance of bonds to a vote of the property taxpayers became effective. The main question discussed and decided in the Moller Case was whether the bonds in question in that case were issued before the act of the Legislature requiring the question of their issuance to be submitted to a vote of the taxpayers became a law. This court held that the bonds, having been executed and approved as required by the statute, were issued before the legislative act became effective, and therefore not subject to its provisions.

It appears from the record in that case that the 10 cents tax levy for the payment of the interest and sinking fund for the bonds was within the taxing power of the city independent of the authority conferred by section 7 of article 11 of the Constitution, and that the question of the validity of a special tax levy under that provision of the Constitution was not involved in the decision. For this reason, we do not regard the conclusion expressed in the opinion in the Moller Case, that there is nothing in section 7, article 11, of the Constitution, to prohibit the Legislature from giving the power to the city council to create a debt for the establishment of a sewerage system to be exercised in some other manner than that provided by this article of the Constitution, as holding that counties or cities may levy the special tax authorized by this constitutional provision without a vote of the taxpayers of the county or city, and we are satisfied the court did not intend to so hold.

The case of Johnston v. Galveston County (Tex. Civ. App.) 85 S. W. 514, does not decide the question presented by this record, and there is nothing in the opinion in that case which supports appellees' contention that a special tax, not authorized by any other provision of the Constitution, can be lawfully levied by the county, under section 7, article 11, of the Constitution, without the vote of the taxpayers as prescribed by that provision of the Constitution.

We are of opinion that the trial court erred in sustaining the exceptions to the petition.

It follows that the judgment must be reversed and judgment here rendered, granting the temporary injunction asked for by appellant, and it is so ordered.

Reversed and rendered.